# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY DODD, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
|     -versus- | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-cv-05297-SDG-JKL |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
|     DEFENDANT. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** the Plaintiff in the above styled action, who responds to the defendant's Motion to Dismiss, as follows:

### I. DEFENDANT'S MOTION IS SUBSTANTIALLY MOOTED BY THE FILING OF PLAINTIFF'S FIRST AMENDED COMPLAINT

The plaintiff in this action has filed his First Amended Complaint contemporaneously with the filing of this response to the defendant's Motion to Dismiss. The Complaint, as amended, moots the defendant's arguments under F.R.Civ.P. 12(b)(6) alleging a failure to state a claim upon which relief may be granted.

### II. FCRA PRE-EMPTION NOT APPLICABLE TO GFBPA CLAIM

The plaintiff's GFBPA claim is not pre-empted by the FCRA. The GFBPA claim is premised on the same facts giving rise to his FDCPA claim. The gist of the claim is that the defendant is a "debt collector" that made misleading, false and

deceptive communications regarding the character and legal status of a consumer debt. These factual allegations support the plaintiff's claims under the FDCPA, at 15 USC §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f. The factual allegations also give rise to state law claims under OCGA § 10-1-393(a).[1] Based on the fact that its communications involve information published by credit reporting agencies, the defendant has argued that the GFBPA claim is pre-empted by the FCRA.

## III. "EXTENSIVE REGULATION" ARGUMENT INAPPLICABLE

The GFBPA claim is authorized in conjunction with the FDCPA claims pursuant to 15 USC § 1692n.[2] Further, pursuant to 15 USC 1692l(a), the FDCPA is administered by the Federal Trade Commission ("FTC") under the Federal Trade Commission Act ("FTCA"), at 15 USC § 41 et seq. Violations of the FDCPA are defined by the FTC as "*unfair and deceptive acts or practices in the conduct of consumer transactions.*"[3] Similarly, *unfair and deceptive acts or practices in the conduct of consumer transactions"* are defined under the GFBPA consistently with the definitions given by the FTC.[4] The consistent identification and regulation of

---

[1] *See OCGA 10-1-393(a), "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful."*
[2] *See 15 USC 1692n, reading in relevant part, "For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter."*
[3] *See 15 USC 1692l(a), stating "For purpose of the exercise by the Federal Trade Commission of its functions and powers under the Federal Trade Commission Act (15 U.S.C. 41 et seq.), a violation of this subchapter shall be deemed an unfair or deceptive act or practice in violation of that Act."*
[4] *See OCGA 10-1-391, stating "It is the intent of the General Assembly that this part be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45(a)(1)), as from time to time amended."*

unfair and deceptive acts and practices by the FDCPA, FTCA and GFBPA negate the defendant's argument that dismissal of the GFBPA claim is required as it "*does not apply in extensively regulated areas of the marketplace.*"

## IV. FRCA PRE-EMPTION OF STATE LAW CLAIMS

State law claims pre-empted under the FCRA are described at 15 USC § 1681t. Specifically, 15 USC § 1681t(b)(1)(e) discusses pre-emption of state law claims involving facts implicating the FCRA provisions at 15 USC § 1681c, related to information contained in credit reports.[5] Section 1681t(b)(1)(E) includes an exception for state law claims based on information in consumer credit reports where the state law pre-dates passage of substantive changes to the FCRA by the Consumer Credit Reporting Reform Act in 1996. The GFBPA was enacted in 1975 and falls within the exception.[6]

In the defendant's motion, 15 USC § 1681t(b)(1)(F) is cited in support of the pre-emption argument, concerning claims "*relating to the responsibilities of persons who furnish information to consumer reporting agencies*." But the plaintiff's claims do not rely on or require proof of the defendant's

---

[5] *See 15 USC 1681c(b)(1)(e), stating "(b) No requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under—(E) section 1681c of this title, relating to information contained in consumer reports, except that this subparagraph shall not apply to any State law in effect on September 30, 1996".*
[6] *See OCGA 10-1-390, stating "This part shall be known and may be cited as the "Fair Business Practices Act of 1975."*

"*responsibilities*." The plaintiff's Complaint does not allege that the defendant breached some affirmative duty or responsibility owed to the plaintiff.

The plaintiff has alleged conduct that is in violation of the FDCPA. The FDCPA violations, which are identified and interpreted as "*unfair and deceptive acts and practices in consumer transactions*" under the FTCA and the GFBPA, are commonly described as "status violations." The defendant's compliance or lack of compliance with responsibilities imposed under the FCRA are not an element of the plaintiff's claims under the FDCPA or GFBPA. All the plaintiff is alleging is that the defendant communicated misleading, false and deceptive information in an attempt to collect a consumer debt. Allegations involving information in credit reports are actionable under the FDCPA.[7] Further, this court has previously recognized the viability of GFBPA claims alleged in conjunction with both FDCPA and FCRA claims based on inaccurate information in credit reports.[8]

## V. ARGUMENT EXCEEDS SCOPE OF MOTION TO DISMISS

Last, the defendant argues that the plaintiff's claims should be dismissed as no false, misleading or deceptive information was reported by the defendant. The defendant states that all information complied with the Metro2 reporting format utilized by credit reporter and furnishers of information. However, this argument is

---

[7] *See Brandon v. Fin. Accounts Serv. Team, Inc.*, 701 F.Supp.2d 990 (E.D. Tenn. 2010);
[8] *See Carlisle v. Nat'l Commercial Servs., Inc.* (N.D. Ga. 2017)

unsupported by evidence. Moreover, the defendant admits that the argument is improper on a motion to dismiss under F.R.Civ.P. 12(b)(6) and should be raised by a motion for summary judgment. The argument appears to be dicta, as opposed to a properly supported argument addressing the sufficiency of the plaintiff's pleadings.

**WHEREFORE**, the plaintiff requests that the defendant's Motion to Dismiss be denied.

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
GA Bar No.: 110382

**CARLISLE LAW FIRM**
P.O. Box A
Winder, GA 30680
(770) 337-4964
wrclaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY DODD, )<br>    PLAINTIFF, )<br>)<br>  -versus- )<br>)<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC, )<br>    DEFENDANT. ) | CIVIL ACTION FILE NO.:<br>1:21-cv-05297-SDG-JKL |

## CERTIFICATE OF SERVICE

This is to certify that I have served the Defendant's attorneys of record with a true and correct copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** through this court's efiling and service system and by email to:

    John Gaset: john.gaset@dinsmore.com

    Robert Sickles: robert.sickles@dinsmore.com

                                             Respectfully submitted,
                                             */s/ William R. Carlisle*
                                             William R. Carlisle
                                             Attorney for Plaintiff
                                             GA Bar No.: 110382

**CARLISLE LAW FIRM**
P.O. Box A
Winder, GA 30680
(770) 337-4964
wrclaw@gmail.com